# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DM MANAGEMENT
TRANSPORTATION SERVICES,
INC.,

      Plaintiff,

v.                                              Case No:   6:22-cv-2291-PGB-LHP

US MATTRESS DEPOT and DEAL
BEDS, LLC,

      Defendants

## ORDER

This cause comes before the Court on review of Plaintiff's Motion for Entitlement to Attorneys' Fees and Expenses (Doc. No. 51), and Defendants' Response (Doc. No. 53). Upon consideration, the undersigned finds reply briefing from Plaintiff appropriate, directed to certain targeted issues raised by Defendants' response, and in light of Defendants' subsequent Motion for Rehearing Pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 52) and Notice of Appeal (Doc. No. 54).

Accordingly, it is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff shall file a reply brief, not to exceed **ten (10) pages** in length, addressing the following:

1.      Defendants' argument that Plaintiff is not entitled to fees pursuant to the terms of the February 9, 2024 email agreement[1] because "Plaintiff failed to comply with the procedural modality set forth in the Email Agreement," such that Plaintiff failed to file an "Affidavit of Default concurrently with the Motion to Enforce that recited the attorneys' fees and costs associated with seeking the judgment."   Doc. No. 53, at 6–7, 9; *see also* Doc. No. 31-3.

2.      Defendants' argument that Plaintiff is not entitled to fees pursuant to the terms of the February 9, 2024 email because the email's express language states that the recoverable attorneys' fees and costs are only those associated with seeking judgment "incurred after entry into the complete and mutual release and settlement agreement" and the February 9, 2024 email also states that "each side will bear their own fees and costs through execution of the complete and mutual release and settlement agreement."   Doc. No. 53, at 7, 9; *see also* Doc. No. 31-3.

3.      Whether, given that Defendants have filed both a Rule 59(e) Motion and Notice of Appeal with regard to the Court's Order finding an enforceable settlement agreement, and Plaintiff's request for entitlement to fees is based

---

[1] By separate Order, the presiding District Judge already determined that the February 9, 2024 email contained the essential terms of the parties' agreement, enforced same, and directed the entry of judgment in favor of Plaintiff and against Defendants. Doc. No. 48.

on that settlement agreement, the Court should defer consideration of the issue of attorneys' fees pending the outcome of Defendants' appeal. *See, e.g.*, *E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-cv-450-SPC-NPM, 2022 WL 19914347, at *2 (M.D. Fla. Oct. 24, 2022) (deferring issue of attorney's fees pending resolution of Rule 59(e) motion and appeal to avoid adjudication of an issue that may become moot, recalculation of any fee award, and inefficient piecemeal litigation); *see also, e.g.*, *Action Nissan, Inc. v. Hyundai Motor Am. & Genesis Motor Am.*, No. 6:18-cv-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022); *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020); *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016).

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2024.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties