# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DM MANAGEMENT
TRANSPORTATION SERVICES,
INC.,

        Plaintiff,

v.                                                     Case No:   6:22-cv-2291-PGB-LHP

US MATTRESS DEPOT and DEAL
BEDS, LLC,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND EXPENSES (Doc. No. 51)
>
> **FILED:**     August 7, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this action against Defendants on December 9, 2022, alleging breach of a Services Agreement. Doc. No. 1. On March 15, 2024, after discovery closed, Plaintiff filed a Motion to Enforce Settlement, Enter Judgment, and for Sanctions, based on a February 9, 2024 email between counsel. Doc. No. 31; *see also* Doc. No. 39. Defendants opposed. Doc. No. 34. On July 22, 2024, the Court granted the motion in part, found the settlement enforceable, and directed the Clerk of Court to enter judgment in favor of Plaintiff and against Defendants in the amount of $640,214.91, retaining jurisdiction to enforce the settlement agreement as well as "to consider Plaintiff's request for attorney's fees and costs incurred since March 12, 2024." Doc. No. 48. The Clerk entered judgment accordingly on July 24, 2024. Doc. No. 49.

By the above-styled motion, Plaintiff moves for an order determining its entitlement to attorneys' fees incurred in seeking enforcement of the settlement agreement, pursuant to the terms of the agreement. Doc. No. 51. Defendants oppose. Doc. No. 53. After the filing of the motion, Defendants also filed a Motion for Rehearing Pursuant to Fed. R. Civ. P. 59(e), Doc. No. 52, a well as a Notice of Appeal, Doc. No. 54. The appeal has been assigned case number 24-12701 by the Eleventh Circuit Court of Appeals. *See* Doc. No. 60.

Subsequently, the Court denied Defendants' Rule 59(e) motion, Doc. No. 61, and Defendants filed another Notice of Appeal, Doc. No. 63.  That appeal has been assigned case number 24-13260 by the Eleventh Circuit.  *See* Doc. Nos. 65–66.

In the meantime, upon referral of the motion for attorneys' fees to the undersigned (Doc. No. 51), the undersigned directed reply briefing from Plaintiff, regarding the issues raised by Defendant's response in opposition (Doc. No. 53) as well as to whether the motion for attorneys' fees should be deferred pending the outcome of Defendants' first appeal.  Doc. No. 56.  Plaintiff timely complied.  Doc. No. 62.

Since that time, on November 5, 2024, the Eleventh Circuit entered an Order remanding the appeal in case number 24-12701, finding that Plaintiff's allegations of diversity of citizenship between the parties were deficient at the outset of this case.  Doc. No. 67.  The remand is for the limited purposes of determining the citizenship of Defendant Deal Beds, LLC and whether diversity jurisdiction existed when the case was filed in this Court.  *Id.* at 4.  The Eleventh Circuit has directed that on remand, if the Court determines that diversity of citizenship existed, the case will return to the Eleventh Circuit, but if not, the judgment regarding enforcement of the settlement agreement should be vacated and the matter dismissed.  *Id.* at 4–5.

Upon consideration, given the remand order from the Eleventh Circuit, as well as that any ultimate resolution of Defendants' appeal by the Eleventh Circuit (assuming subject matter jurisdiction exists) may affect consideration of the issue of attorneys' fees, the undersigned finds it appropriate to await the outcome of these issues before resolving the above-styled motion. *Cf. Morrison v. Amway Corp.*, No. 6:01-cv-0749-Orl-22JGG, 2003 WL 25570793, at *1 (M.D. Fla. Nov. 10, 2003) ("[T]he Court has discretion to deny a motion for attorney's fees without prejudice to refile after the appeal has concluded."); *see also E-Z Dock, Inc. v. Snap Dock, LLC,* No. 2:21-cv-450-SPC-NPM, 2022 WL 19914347, at *2 (M.D. Fla. Oct. 24, 2022) (exercising discretion to defer resolution of attorney's fees until after resolution of appeal); *Action Nissan, Inc. v. Hyundai Motor Am. & Genesis Motor Am.*, No. 6:18-cv-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022) (same); *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020) (same); *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016) (same).

Accordingly, Plaintiff's Motion for Entitlement to Attorneys' Fees and Expenses (Doc. No. 51) is **DENIED without prejudice** to filing a renewed motion, if appropriate, after resolution of the jurisdictional issue and within **twenty-one (21)**

**days** after issuance of a mandate by the Eleventh Circuit regarding Defendants' appeal.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties